UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| BOBBY RICE, | ) C/A No.  4:13-cv-3049-TMC-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| TIM RILEY, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Bobby Rice (Petitioner/Rice), is currently incarcerated at Tyger River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 12, 2013. Respondent filed a motion for summary judgment on July 28, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #26 and #27). The undersigned issued an order filed July 29, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #28). Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Tyger River Correctional Institution, of the South

Carolina Department of Corrections (SCDC), pursuant to orders of commitment of the Union County Clerk of Court. The Petitioner was indicted at the February 2006 term of the Union County Grand Jury for possession of marijuana (2006 -GS-44-0104), distribution of crack cocaine (2006-GS-44-0105), and possession of crack cocaine with intent to distribute (2006-GS-44-0107). On April 12, 2006, the Petitioner was scheduled to proceed with a trial, but decided to plead guilty to all three charges as indicted. The Honorable John C. Hayes, III, sentenced the Petitioner to confinement for a period of one (1) year for possession of marijuana, fifteen (15) years for distribution of crack cocaine, and fifteen (15) years for possession of crack cocaine, sentences running concurrently.

A timely Notice of Appeal was filed on the Petitioner's behalf. The Petitioner was represented on appeal by Aileen Clare of the South Carolina Commission on Indigent Defense. On March 19, 2007, counsel made a Final Anders Brief of Appellant and petition to be relieved as counsel raising as the sole arguable ground: "[D]id the lower court err by denying appellant's motion for a continuance when his newly hired attorney did not have sufficient time to prepare?". The South Carolina Court of Appeals affirmed the Petitioner's conviction and sentence after review pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). <u>State v. Rice</u>, Op. No. 2008-UP-415 (S.C. Ct. App. filed July 21, 2008). The Remittitur was issued on August 6,2008.

The Petitioner made an Application for Post-Conviction Relief filed May 26, 2009. <u>Rice v. State</u>, 2009-CP-44-0167. App.p. 28-33. In his application, the Petitioner alleged that he is being held in custody unlawfully due to ineffective assistance of counsel in that counsel:

    a. "Did not motion for a continuance;" and

    b. "Did not advise me I was going to trial because he informed me we was [ sic ] going to ask for a continuance."

3

App.p. 30. The Respondent made its Return on November 12, 2009. App.p. 34-37. An evidentiary hearing into the matter was convened on November 30, 2009, at the Moss Justice Center in York County, South Carolina before the Honorable Lee S. Alford. Caroline M. W. Horlbeck, Esquire, represented the Petitioner. Jennifer A. Kinzeler, Esquire, of the South Carolina Attorney General's Office, represented the Respondent.

At the hearing, the Petitioner, Amber Tucker, and plea counsel Christopher P. Thompson, Esquire, testified. App.p. 42-94. On January 5, 2009, Judge Alford entered his December 22, 2008 Order of Dismissal. App.p. 117-128.

The Petitioner made a timely notice of appeal. On appeal from the denial of state post-conviction relief he was represented by Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On October 12, 2010, appellate counsel made a <u>Johnson</u> Petition for a Writ of Certiorari and petition to be relieved as appellate counsel. In the petition, he asserted as the sole arguable ground: "whether counsel was ineffective in his representation of the petitioner?" <u>Johnson</u> Petition of Writ of Certiorari, p. 2. On October 24, 2012, the South Carolina Court of Appeals issued its order denying certiorari and granting counsel's request to be relieved after review pursuant to <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988). <u>Bobby O. Rice v. State of South Carolina</u>, Appellate Case No. 2010-151910 (S.C. App. October 24, 2012 (Order denying certiorari and granting counsel's request to withdraw). The remittitur was issued on November 8, 2012 pursuant to SCACR Rule 221.

## **PETITIONER'S GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

4

GROUND ONE:     Conviction obtained by guilty plea that was unlawfully induced or not made voluntary with a understanding of the nature and consequences of the plea.

GROUND TWO:     Conviction obtained by use of a coerced confession.

GROUND THREE:   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

GROUNG FOUR:    Ineffective assistance of Counsel

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**DISCUSSION AS TO STATUTE OF LIMITATIONS**

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on April 12, 2006. Petitioner filed a direct appeal which was dismissed by the South Carolina Court of Appeals on July 21, 2008, with the remittitur being issued on August 6, 2008.[3] To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. See Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals ."). Because Petitioner did not file a Petition for Rehearing, his convictions would have become final fifteen days after the Court of Appeals filed its opinion. See Rule 221(a), SCACR (stating "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Petitioner's conviction became final on August 5, 2008. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. _See, e.g.,_ Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).  Petitioner filed his

---

[3] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir.2001); Reddock v. Ozmit, No. 09–204, 2010 WL 568870 at ——3–5 (D.S.C. Feb.11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10–987, 2010 WL 5691646 (D.S.C. Sept.7, 2010); Martino v. Cartledge, No. 09–527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07–1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

PCR application on May 26, 2009. Therefore, two hundred ninety-four (294) days elapsed between the conviction becoming final and the time the PCR was filed. Petitioner filed a writ of certiorari appealing his PCR decision. The appeal was denied by the South Carolina Supreme Court with the Remittiur being issued on May 6, 2013. The statute of limitations began to run again on May 7, 2013, the day after the Remittitur was issued   Petitioner did not file his federal habeas petition until November 14, 2013, with a Houston v. Lack, supra, delivery date of November 12, 2013. However, even using the date of November 12, 2013, the instant petition is time-barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d).  In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996.  Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition.  At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired.  Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida,560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable

9

tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Petitioner did not file a response to the motion for summary judgment. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## CONCLUSION

Based on the above, it is RECOMMENDED that the Petitioner's federal habeas corpus petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (document #26) be GRANTED in its ENTIRETY, and the petition dismissed with prejudice without

an evidentiary hearing as barred by the statute of limitations.

                    Respectfully Submitted,

                    s/Thomas E. Rogers, III
                    Thomas E. Rogers, III

September 8, 2014            United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

11