IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bobby Rice, | ) |
|            Petitioner, | ) Civil Action No. 4:13-3049-TMC |
| vs. | ) **ORDER** |
| Tim Riley, | ) |
|            Respondent. | ) |

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition with prejudice for failure to prosecute or, in the alternative, that Respondent's motion for summary judgment (ECF No. 26) be granted in its entirety, as Petitioner's claim is barred by the statute of limitations. (ECF No. 33). Petitioner timely objected to the Report. (ECF No. 35).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner does not object to the Report; instead, his objections state that he does not know how to file objections or prosecute his case. To the extent that his objections seek to have counsel appointed, the court denies that motion. "[I]n civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975) (citation omitted). "Although counsel can be appointed in exceptional circumstances, habeas petitioners are generally not entitled to appointed counsel." *Stutts v. Stevenson*, No. 8:11-cv-191, 2012 WL 4479126, at *5 (D.S.C. Sept. 28, 2012). An exceptional circumstance exists if a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). As discussed thoroughly by the magistrate judge (ECF No. 33) and not objected to by Petitioner, his claims are not colorable because they are barred by the statute of limitations. Therefore, this is not one of those exceptional cases justifying the appointment of counsel. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (noting that power to appoint counsel is discretionary), *disapproved on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989).

The court has conducted its de novo review of the motion for summary judgment, and has determined that Petitioner's habeas petition is barred by the statute of limitations.[1] Therefore, the respondent's motion for summary judgment (ECF No. 26) is **GRANTED**. The court adopts the Report (ECF No. 33) and incorporates it herein.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district

---

[1] The court also determines that Petitioner has failed to prosecute his action. The court issued a *Roseboro* Order to inform him of the consequences of failing to respond to the motion for summary judgment. (ECF No. 28). Petitioner has not responded to the motion for summary judgment.

court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

October 31, 2014  
Anderson, South Carolina